# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>   v.<br><br>RICARDO CORDOVA,<br><br>                            Defendant. | Case No. 19-cr-02453-BAS-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (ECF No. 39)** |

       On October 2, 2019, the Court sentenced Mr. Cordova to 30 months in custody, of which he has served approximately 17 months. (ECF No. 27.) Mr. Cordova filed a Motion to Appoint Counsel to determine whether he qualified for compassionate release. (ECF No. 29.) In this Motion, Mr. Cordova claimed he had been diagnosed as HIV positive and thus was at increased risk from COVID-19. Additionally, he said he had not been treated for his condition. The Court granted his Motion to Appoint Counsel. (ECF No. 30.)

       Counsel for Mr. Cordova has now filed a Motion to Reduce Sentence Pursuant to the First Step Act, requesting that Mr. Cordova's sentence be reduced to time served because of the coronavirus pandemic. (ECF No. 39 ("Defendant's Motion").) The Government opposes (ECF No. 44 ("Government's Response")), and Defendant replies (ECF No. 45). For the reasons stated below, the Court **DENIES** Mr. Cordova's request.

## I. BACKGROUND

Mr. Cordova, who is 23 years old, came through the Port of Entry driving a car containing 33.58 kilograms of methamphetamine hidden throughout the car. (ECF No. 21 ("PSR") ¶¶ 4–7.) Mr. Cordova confessed post-arrest and admitted he was being paid $1800 to smuggle the drugs. (*Id.*)

At the time of his presentence interview, Mr. Cordova reported that he was in good health and noted no history of significant health issues. (PSR ¶ 35.) His mother confirmed he had no physical health issues. (PSR ¶ 37.) In his initial letter to the Court, Mr. Cordova claimed that he had been diagnosed as HIV positive by the Bureau of Prisons ("BOP") and had not been treated for this illness. (ECF No. 29.) However, once defense counsel was appointed, counsel had Mr. Cordova's medical records reviewed by HIV Specialist Dr. Tara Vijayan. (*See* Declaration of Dr. Tara Vijayan, ECF No. 39, Exh. A ("Vijayan Dec.").) After that review, Dr. Vijayan concluded that Mr. Cordova does not have HIV. (Vijayan Dec. ¶ 8.)

Mr. Cordova now argues alternatively that he is at greater risk from COVID-19 because he has a history of smoking one cigarette (either tobacco or marijuana) every other day for seven years before he was incarcerated. (Defendant's Motion.) Mr. Cordova was diagnosed with COVID-19 while he was housed at Terminal Island back in April. (*Id.*, Exh. B.) He was asymptomatic at the time he was diagnosed, and he has since recovered. (*Id.*)

Counsel for Mr. Cordova provides proof that he requested compassionate release from the Warden at Terminal Island on September 30, 2020, but he received no response. (Defendant's Motion, Exh. A.)

According to the BOP, FCI Terminal Island has largely gotten the outbreak of COVID-19 at its facility under control. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Nov. 30, 2020). Although 568 inmates and 26 staff had tested positive earlier in the year, currently only one inmate and two staff members are positive for the virus. *Id.* The Government provides information about the

extensive efforts the facility has taken to contain the earlier outbreak. (Government's Response, Exh. 1.)

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, Mr. Cordova must fully exhaust his administrative remedies from the Warden of the facility where he is being housed before he turns to the Court for relief.

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapses and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Mr. Cordova provides evidence that he submitted a request for compassionate release from the Warden on September 30, 2020. (Defendant's Motion, Exh. A.) Since he received no response to this request within 30 days, he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Circumstances

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such

a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Mr. Cordova argues that extraordinary and compelling reasons exist for his release because he has smoked one cigarette (either tobacco or marijuana) every other day for seven years before his incarceration. (Defendant's Motion.) The Centers for Disease Control and Prevention ("CDC") reports that "COVID-19 is a new disease. Currently there are limited data and information about the impact of many underlying medical conditions and whether they increase the risk for severe illness from COVID-19." *See* CDC, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020). That said, "[b]ased on what we know at this time," it appears that "[b]eing a current or former cigarette smoker increases [the] risk of severe illness from COVID-19." *Id.* Therefore, the CDC counsels individuals to cease smoking to decrease their risk from the disease. *Id.*

Although Mr. Cordova has been a cigarette smoker in the past, he is young—only 23 years old—healthy, and has weathered a previous bout with COVID-19 without symptoms. (Defendant's Motion, Exh. B.) Additionally, he has apparently quit smoking since he has been incarcerated. (*See* Declaration of Ricardo Cordova, Defendant's Motion, Exh. C ¶¶ 12–13.) The simple fact that he smoked one cigarette every other day while he was a teenager is insufficient to show extraordinary and compelling circumstances for his release. This is particularly true because the facility where he is being housed appears to have dealt with the pandemic and reduced the likelihood that prisoners there will be re-infected.

**C.    Section 3553(a) Factors**

The Court does not believe that release after 17 months would be sufficient to adequately reflect the seriousness of the offense Mr. Cordova committed. Additionally,

releasing him this early would result in unwarranted disparities with other similarly-situated defendants.

### III. CONCLUSION

Because Mr. Cordova has failed to show extraordinary and compelling reasons for his release and because the Section 3553(a) factors do not support releasing him, Mr. Cordova's Motion for a Sentence Reduction pursuant to Title 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. (ECF No. 39.)

**IT IS SO ORDERED.**

DATED: December 2, 2020

Hon. Cynthia Bashant
United States District Judge